**[J-66A-2020, J-66B-2020 and J-66C-2020] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| WALLACE MCKELVEY AND PENNLIVE AND THE PATRIOT-NEWS | : | No. 3 MAP 2020 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 186 CD |
| v. | : | 2018 dated June 4, 2019 Reversing |
| | : | in part and Affirming in part the |
| | : | decision of the Office of Open |
| | : | Records at No. AP 2017-1443 dated |
| PENNSYLVANIA DEPARTMENT OF | : | January 11, 2018. |
| HEALTH, AND MISSION PENNSYLVANIA, | : | |
| LLC, KW VENTURES HOLDING, LLC, | : | |
| CRESCO YELTRAH, LLC, SMPD | : | ARGUED: September 15, 2020 |
| MANUFACTURING, LLC/SMPB RETAIL, | : | |
| LLC AND TERRAPIN INVESTMENT FUND, | : | |
| 1, LLC (DIRECT INTEREST | : | |
| PARTICIPANTS) | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: TERRAPIN INVESTMENT | : | |
| FUND 1, LLC | : | |

| | | |
|---|---|---|
| WALLACE MCKELVEY AND PENNLIVE AND THE PATRIOT-NEWS | : | No. 4 MAP 2020 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 187 CD |
| v. | : | 2018, dated June 4, 2019 Reversing |
| | : | in part and Affirming in part the |
| | : | decision of the Office of Open |
| | : | Records at No. AP 2017-1443 dated |
| PENNSYLVANIA DEPARTMENT OF | : | January 11, 2018. |
| HEALTH, AND MISSION PENNSYLVANIA, | : | |
| LLC, KW VENTURES HOLDING, LLC, | : | |
| CRESCO YELTRAH, LLC, SMPD | : | ARGUED: September 15, 2020 |
| MANUFACTURING, LLC/SMPB RETAIL, | : | |
| LLC AND TERRAPIN INVESTMENT FUND, | : | |
| 1, LLC (DIRECT INTEREST | : | |
| PARTICIPANTS) | : | |
| | : | |
| | : | |
| | : | |
| | : | |

:
:
:
APPEAL OF: SMPD MANUFACTURING,          :
LLC AND SMPB RETAIL, LLC                :
:
WALLACE MCKELVEY AND PENNLIVE           :   No. 5 MAP 2020
AND THE PATRIOT-NEWS                    :
:   Appeal from the Order of the
:   Commonwealth Court at No. 189 CD
v.                    :   2018, dated June 4, 2019 Reversing
:   in part and Affirming in part the
:   decision of the Office of Open
PENNSYLVANIA DEPARTMENT OF              :   Records at No. AP 2017-1443 dated
HEALTH, AND MISSION PENNSYLVANIA,       :   January 11, 2018.
LLC, KW VENTURES HOLDING, LLC,          :
CRESCO YELTRAH, LLC, SMPD               :   ARGUED: September 15, 2020
MANUFACTURING, LLC/SMPB RETAIL,         :
LLC AND TERRAPIN INVESTMENT FUND,       :
1, LLC (DIRECT INTEREST                 :
PARTICIPANTS)                           :
:
:
:
:
:
:
:
APPEAL OF: PENNSYLVANIA                 :
DEPARTMENT OF HEALTH                    :

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                          **DECIDED: July 21, 2021**

I agree substantially with the majority's careful unravelling of the thorny and intertwined issues before us in this case. Specifically, I fully join the majority's analysis with the sole exception of its discussion of financial information in Section (III)(D). Although I concur with the majority's resulting vacatur and remand of the issue with instructions for the lower tribunals, as well as its encouragement of the use of *in camera* review, *see* Majority Opinion at 44-46, I write separately to underscore a particular feature of the Right-to-Know Law (RTKL), 65 P.S. §§67.101-67.3104, as this Court has

interpreted it which, though overlooked by the parties and the lower tribunals, nevertheless impacts proper review of Terrapin's financial information in this case. I believe it poses a plausible conflict between the majority's analysis and our decision in *Dep't of Pub. Welfare v. Eiseman*, 125 A.3d 19 (Pa. 2015).

In the forefront of its analysis of this issue, the majority flatly rejects Terrapin's assertion the financial information contained in its application is not a "financial record" as the term is defined under the RTKL. *See* Majority Opinion at 42. In doing so, the majority views whether Terrapin's financial information also constitutes a "financial record" under the RTKL as immaterial because, pursuant to the Medical Marijuana Act, all permit applications are by definition "public records" subject to the RTKL. *See id.*; 35 P.S. §10231.302(b)(1). However, although RTKL-defined "financial records" are one category of "public records" subject to disclosure, *see* 65 P.S. §67.102 (definition of "public record" includes "a financial record"),[1] the particular treatment of a financial record under the RTKL is more nuanced than the general category of public records. Our distinctive treatment of financial records has repercussions regarding the particular exemptions at issue on remand.

As the majority describes, RTKL subsection 708(b) enumerates specific exceptions which, if their criteria are met, exempt a presumed-public record from disclosure; these provisions include the exemptions claimed by Terrapin to support redaction of the financial information in their application, *i.e.*, the facility security exemption described in subsection 708(b)(3), and the confidential proprietary information exemption described in subsection 708(b)(11). *See* Majority Opinion at 23-24; 65 P.S.

---

[1] Section 102 of the RTKL defines "public record" as "[a] record, including a financial record, of a Commonwealth or local agency that: (1) is not exempt under section 708; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege." 65 P.S. §67.102 (internal footnote omitted).

§67.708(b)(3), (11). However, the exemptions listed in subsection 708(b) only apply "[e]xcept as provided in subsections (c) and (d)," and subsection (c) curtails the extent to which the exemptions apply to financial records. 65 P.S. §67.708(b), (c). In relevant part, subsection (c) provides, "[t]he exceptions set forth in subsection (b) **shall not apply to financial records**, except that an agency may redact that portion of a financial record protected under subsection (b)(1), (2), **(3)**, (4), (5), (6), (16) or (17)." *Id.* (emphasis added). In *Eiseman*, we observed the confidential proprietary information exemption — subsection 708(b)(11) — was not one of the enumerated exceptions to subsection 708(c), which therefore "render[ed] the [Right-to-Know] Law's own internal trade-secrets/confidential-proprietary-information exception inapplicable" even where competent evidence demonstrated the criteria under subsection 708(b) was otherwise met. *Eiseman*, 125 A.3d at 32; *see id.* at 32 n.12 ("confidential proprietary information within financial records is subject to public disclosure under the [RTKL]"). Thus, a "financial record" is a public record not exempt from disclosure, but may be redacted only if information it contains meets the criteria of those exemptions enumerated in subsection 708(c). *See id.*

Notably, and relevant to this case, pursuant to RTKL subsection 708(c), a financial record may be redacted if its disclosure creates a reasonable likelihood of endangering facility safety as provided in subsection 708(b)(3), **but not** if it constitutes confidential proprietary information as provided in subsection 708(b)(11). Thus, in my view, whether Terrapin's financial information is a "financial record," as the RTKL defines the term, may not be material to a determination of whether the information is presumed public, but it does matter to a determination of whether the claimed exemptions apply, and should not be discounted in our analysis. If the information is a financial record, as the majority appears to conclude by its rejection of Terrapin's argument to the contrary, no amount of

competent evidence can support the redaction of confidential proprietary information. Instead, Terrapin's financial information may be redacted only in a manner consistent with the facility security exception in subsection 708(b)(3).  *See Eiseman*, 125 A.3d at 32; 65 P.S. §67.708(c).

To that end, the RTKL defines a "financial record" as "[a]ny of the following:"

(1) Any account, voucher or contract dealing with:

(i) the receipt or disbursement of funds **by an agency**; or

(ii) **an agency's** acquisition, use or disposal of services, supplies, materials, equipment or property.

(2) The salary or other payments or expenses paid to an officer or employee **of an agency**, including the name and title of the officer or employee.

(3) A financial audit report.  The term does not include work papers underlying an audit.

65 P.S. §67.102 (emphasis added).  In *Eiseman*, we explained the term "financial record" was not limited to an agency's records of its own transactions, but also included records "dealing with" the agency's monetary disbursements via its contractors performing delegated governmental functions.  *See Eiseman*, 125 A.3d at 29 ("'financial records' encompass records 'dealing with' disbursements of public money and services acquisitions by agencies"); *id.* at 32 (records submitted to government agency for approval "which embody a delegation (albeit a downstream delegation) of a governmental function" are records "'dealing with' the agency's monetary disbursements and services acquisitions").  Here, Terrapin is a third-party permit applicant, not a contractor or subcontractor performing any delegated government function.  In addition, as the majority relates, medical marijuana permit applicants are required by the terms of the Medical Marijuana Act to include in their applications, *inter alia*, the identity of and other information regarding their financial backers, a description of their business activities,

activities in other jurisdictions, ability to obtain sufficient land and facilities for operation, and ability to maintain effective security. *See* Majority Opinion at 20-21 n.14 (setting forth medical marijuana permit application requirements pursuant to 35 P.S. §10231.602). At least facially, none of these requirements appear to deal with disbursements of public money, and Terrapin asserts no such agency transactions are contained in its financial information. *See* Terrapin's Brief at 17-20, 27-28 n.23-24, 32.

Accordingly, in my view, Terrapin's claim the financial information contained in its permit application is not a "financial record" as defined by the RTKL has some merit. Yet, as the majority concludes, and I agree, absent integral fact-finding by the lower tribunals, we are constrained to remand the issue of whether the information could properly be redacted under RTKL subsection 708(b)(3) or (11). However, for the foregoing reasons, I view a determination of whether the financial information constitutes a "financial record" as an integral preliminary step to implementing the majority's directive "to review the information at issue — *in camera* if prudent — and to consider fully the reasons proffered by Terrapin to support its claimed exemptions from disclosure." Majority Opinion at 46.